CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
JAN 29 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL A. LOVINGS, | ) | Civil Action No. 7:12-cv-00238 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RANDALL L. MATHENA, | ) | By:  Hon. Jackson L. Kiser |
|     Respondent. | ) |        Senior United States District Judge |

Paul A. Lovings, a Virginia inmate proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, complaining about defects in pre-hearing process leading to an institutional conviction. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the motion to dismiss because petitioner is not entitled to habeas relief.

## I.

On October 24, 2010, a correctional officer at the Red Onion State Prison charged petitioner with making a lewd or obscene act toward another person. Although petitioner argued that defects in pre-hearing procedures warranted dismissal of the charge, the hearing officer found petitioner guilty of the offense and imposed a sentence of seven days' isolation.

Petitioner filed a writ of habeas corpus with the Supreme Court of Virginia, complaining of defects in pre-hearing procedures for the October 24, 2010, offense. The Supreme Court of Virginia dismissed the petition because "habeas corpus does not lie in this matter." Lovings v. Warden of the Red Onion State Prison, No. 112329, slip op. at 1 (Va. Apr. 20, 2012) (citing Carroll v. Johnson, 278 Va. 683, 694, 685 S.E.2d 647, 652 (2009)). Petitioner subsequently filed the same complaints about the pre-hearing procedures in the instant petition.

## II.

Respondent filed a motion for a protective order for petitioner's requests for admissions and the production of documents. Rule 6 of the Rules Governing § 2254 Cases requires leave of court for any party to conduct discovery. No leave has been granted, plaintiff's requests do not impact the disposition of this action, and I will not authorize discovery. Accordingly, I grant respondent's motion for a protective order.

## III.

I must "focus[] on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement – either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). Petitioner's claims, even if successful, would not "necessarily spell speedier release" from custody because the penalty for the conviction was seven days' isolation, which did not affect the duration of petitioner's sentence.[1] Thus, petitioner's claims do relate to the duration of his confinement, do not lie within "the core of habeas corpus," and must be dismissed.[2] See id. at 81.

## IV.

For the foregoing reasons, I grant respondent's motion for a protective order and motion to dismiss, and I dismiss the petition for a writ of habeas corpus. Based upon my finding that

---

[1] Although petitioner alleged in the petition that he lost good conduct time, the record establishes that petitioner did not forfeit good conduct time because of the October 24, 2010, offense. Any change in petitioner's rate of earning good conduct time as a result of the institutional conviction does not implicate a protected liberty interest. See, e.g., Luken v. Scott, 71 F.3d 192, 193-94 (5th Cir. 1995) (citing Meachum v. Fano, 427 U.S. 215, 229 n.8 (1976)).

[2] Petitioner's claims may be brought, if at all, via 42 U.S.C. § 1983. Wilkinson, 544 U.S. at 81.

2

petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is denied.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to petitioner and counsel of record for respondent.

**ENTER**: This 29th day of January, 2013.

                                            Senior United States District Judge